OPINION
Appellant, Terry Hunt, appeals the judgment entry of the Ashtabula County Court of Common Pleas revoking his community control and sentencing him to serve the maximum sentence under the law for the crimes he committed.
Appellant was indicted on October 8, 1997, on one count of vandalism, in violation of R.C. 2909.05, a felony of the fourth degree; grand theft, in violation of R.C. 2903.12, a felony of the fourth degree; breaking and entering, in violation of R.C.2911.13, a felony of the fifth degree; and possession of criminal tools, in violation of R.C. 2923.29, a felony of the fifth degree. After a jury trial was held, appellant was found guilty of all counts on March 13, 1998, and was placed on community control for two years on May 11, 1998.
On May 7, 1999, appellant admitted that he violated the terms of his community control. Consequently, the trial court, in a judgment entry dated May 10, 1999, revoked his community control and sentenced him to eighteen months incarceration on the count of vandalism, and twelve months on the count of breaking and entering. Both of these sentences were set to run concurrently with each other. The trial court further sentenced appellant to a term of eighteen months on the count of grand theft and twelve months on the count of possessing criminal tools. Both the grand theft and the possession sentences were set to run concurrently with each other and consecutively with the counts of vandalism and breaking and entering.
Appellant now appeals the trial court's May 10, 1999 judgment entry and raises the following as error:
 "Appellant received the maximum possible sentence for what he pled guilty to without a specific finding that he met one of the criteria that are set forth under Revised Code 2929.14(C)."
 In this assignment of error, appellant contends that the trial judge failed to make a specific finding of any of the factors contained in R.C. 2929.14(C). Appellant further argues that although the trial judge indicated that he reviewed appellant's prior record, he did not say that he considered the factors of seriousness and recidivism as provided in R.C. 2929.12. Therefore, appellant claims that it was improper for him to be given the maximum possible sentence and he requests that this Court remand the matter for re-sentencing.
R.C. 2929.14(C) is the statutory provision permitting a trial court to sentence a defendant to the maximum possible sentence for his or her crime, and states:
 "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 Moreover, under R.C. 2929.19(B), if the trial court sentences a defendant to the maximum possible sentence, it must articulate its reasons:
 "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
 "(e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term."
 This Court has held that the findings mandated by R.C. 2929.14 "must appear somewhere on the record of sentence, either in the judgment or in the transcript of the sentencing hearing." State v. Rone
(Dec. 4, 1998), Ashtabula App. No. 98-A-0001, unreported, at 6. We have further held that a sentence which merely repeats the language contained in R.C. 2929.14, without any indicia of a consideration of the factors set forth in R.C. 2929.12 and 2929.14 would be insufficient. Id. The record must contain some indication, by the utilization of specific operative facts, that the trial court considered the statutory factors in its determination. Id. In Rone, this Court remanded the matter for re-sentencing because "the sentencing entry contain[ed] no findings or discussion of the factors under R.C. 2929.14(C) or 2929.12. It merely states that the court `considered the purposes and principles of sentencing set forth in R.C. 2929.11
and the factors set forth in R.C. 2929.12. * * *'" Id.
at 7.
In State v. Edmonson (Sept. 25, 1998), Portage App. No. 97-P-0067, unreported, this Court noted that the lower court had stated in its sentencing entry that the appellant was a dangerous offender, that his recidivism was likely, and that a gun was used during his crime. The trial judge also stated on the record at the sentencing hearing that the appellant was a very dangerous offender and likely to commit another crime. However, this Court reversed the sentencing of the appellant on the basis that the trial court did not provide sufficient operative findings of fact upon which we could affirm the appellant's conviction under R.C.2929.14. Id. at 15-18; see, also, State v. Edmonson (1999),86 Ohio St.3d 324, 328-329 (where the Ohio Supreme Court did not reject our reasoning that the sentencing record must demonstrate a finding by the trial court concerning which category of offenders contained in R.C. 2929.14(C) the defendant-appellant fit within). We held that "[a] finding, we believe, implies a factual finding which would encompass the operative facts upon which that finding is based." Edmonson, supra, unreported, at 16.
However, it is important to note that the appellant's criminal record in Edmonson differed from that currently before this Court in this matter. In Edmonson, the appellant "was convicted of a single offense, was faced with imprisonment for the first time, and was sentenced to the maximum terms of imprisonment." Edmonson, 84 Ohio St.3d at 325. In our case, appellant was convicted on one count of vandalism and one count of breaking and entering. Also, appellant had been convicted of eight prior crimes, two of those being felonies.
Even though Edmonson does not expressly address the issues involved in multiple offenses, the implication from reading the Ohio Supreme Court's opinion in that case, is that if a trial court is required to provide its reasons for employing the maximum sentence for a single offense, the trial court also should specifically state its reasoning for imposing the maximum sentence for multiple offenses. See R.C. 2929.19(B)(2)(e). We have previously held that "[t]he trial court must adequately state its reasons, either in its sentencing judgment entry or on the record at the sentencing hearing, for imposing the maximum sentence pursuant to R.C. 2929.19(B)(2)(e)." State v. Scuba (Nov. 5, 1999), Geauga App. No. 98-G-2176, unreported, at 14.
Therefore, under the circumstances of this case, it is our position that R.C. 2929.19(B)(2)(e) should be read in parimateria with R.C. 2929.14(C) in connection with the latter subsection's pertinent language, which states, "may impose the longest prison term authorized for the offense pursuant to division (A) of this section" in its application.
Finally, in State v. Pratt (Sept. 25, 1998), Lake App. No. 97-L-208, unreported, at 8, this Court upheld the maximum sentence imposed upon the appellant. The appellant was convicted of one count of grand theft of an automobile and receiving stolen property. In that case, the trial judge stated that based upon the appellant's prior criminal record, the appellant "`poses the greatest likelihood of recidivism.'" Id. at 7. The trial court further indicated that the finding was supported by the determination that the appellant had committed the current offenses less than three months after being released from prison. The trial court also determined that consecutive sentences were necessary to protect the public from future crime by the appellant.
In the instant matter before this Court, the record reveals that during the sentencing hearing, the trial judge stated the following to appellant concerning his sentence:
 "You have an extensive past record. I believe eight prior convictions, two of those being felonies. You've not responded well in the past to probation or community control. And there's a pattern of drugs or alcohol. I realize that relates to your problems."
 The trial judge then proceeded to sentence appellant to the maximum allowable under the laws of Ohio. In reviewing our case law on the subject, the trial judge's statements reasonably comply with the mandates of R.C. 2929.14(C). Indeed, although the trial judge did not expressly state that appellant posed the greatest likelihood of committing future crimes, the sentencing transcript makes it clear that the trial judge did, in fact, find that appellant posed such a threat in light of his "extensive past record," "eight prior convictions, two of those being felonies," failure to "respond well in the past to probation or community control," and the problem with "drugs or alcohol."
Thus, although the trial judge did not expressly reiterate the language of the four factors in sentencing appellant to the maximum penalty, the mandates of R.C. 2929.14(C) have been complied with by virtue of the fact that it is evident that appellant was being sentenced to the maximum penalty due to his great threat of recidivism. Moreover, the trial judge's deliberation of appellant's prior convictions, failure to respond well to probation and community control, and problems with drugs or alcohol provide sufficient operative facts indicating that it considered the statutory factors in its analysis, as required byRone, Edmonson, and Pratt.
However, in light of our treatment of Edmonson, and the Ohio Supreme Court's subsequent affirmation of our holding in that case, concerning the fact that the record must reflect the imposition of the maximum sentence based upon the offender satisfying one of the listed criteria in R.C. 2929.14(C), we point out that trial courts should pay special attention to detail in relating the underlying facts to the specific statutory criteria in order to avoid potential error or alleged error on appeal.
For the foregoing reasons, appellant's assignment of error is without merit and the judgment of the Ashtabula County Court of Common Pleas is affirmed.
 ______________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.